MERRIMAN S. SMITH, Judge,
dissenting.
Thanks to American jurisprudence this is a claim that rarely ever confronts our courts, however, it is one of momentous importance. I do not know of any circumstance except the taking of life itself that would create a greater appeal to the heartstrings than the conviction and incarceration of an innocent victim. Oftentimes we are prone to let our heart get the best of our better judgment.
I have a deep and profound respect for the experienced and learned opinions of the majority of this court, and it is with reluctance that I cannot concur in an award in the instant claim. However, in all fairness and justice to myself and the great state of West Virginia in this particular class of claim no award should be made unless there be a prior statute. After a careful and diligent search of the authorities I do not find a single instance of reparation being made by the state in such cases except where there is a prior statute. There is at least one claim, and doubtless more in former years, that was introduced in the 1981 regular session of the West Virginia Legislature — house bill No. 14, wherein the Legislature was asked to pass a claim in the sum of one thousand dollars to compensate *220 Frank Howell of New Martinsville, West Virginia, because he was wrongfully convicted and confined in the penitentiary at Moundsville for fourteen months, after which the guilty party made a voluntary confession of the crime, which has not been done in the instant claim. The bill was killed in the senate.
The majority opinion of this court bases its finding of an award largely upon what constitutes a moral obligation as defined in our Court of Appeals in Cashman v. Sims, cited in the majority opinion, “. . . or an obligation or a duty, legal or equitable, not imposed by statute but created by contract or resulting from wrongful conduct, which would be judicially recognized as legal or equitable in cases between private persons.” There is no analogy in the instant claim between a private person and a sovereign state where an obligation arises in the performance of this governmental function. The sovereignty of the state must be upheld and maintained at all times. It cannot be sucessfully denied that claimant was given a fair and impartial trial. He had the benefit of his ■ self-employed private counsel and was tried before a jury of twelve men selected among his peers. There is no evidence of any persecution by the state and no rights under the constitution or laws of the state were denied him. I repeat I do not think an award can be made unless there be an obligation imposed by prior statute, where there has been absolutely no negligence on the part of the agency involved in the regular performance of its governmental function, which power in this instance is the very essence of the sovereignty of the state. If a reward be; bestowed upon an innocent person convicted of a crime, by the same token by whom and to whom is a penalty to be inflicted when a guilty person is acquitted?
An award in the instant claim would be the bestowal of a gratuity out of the public revenue for a private purpose, unless such moral obligation be so recognized by a prior statute.